IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | NO. 9:20-CR-12-MJT |
| ANTHONY GARNER | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Pending before the undersigned are two *Pro Se Motions for Compassionate Release* pursuant to 18 U.S.C. § 3582(c)(1)(A) (Docs. #48, #49) filed by the Defendant, Anthony Garner.[1] The Government responded to the Defendant's motion in opposition. After reviewing all applicable facts and law, the undersigned recommends denying the Defendant's motion without prejudice.

#### I.   BACKGROUND

On December 14, 2020, the court convicted Garner of Possession of a Firearm by a Prohibited Person and sentenced him under the Armed Career Criminal Act (ACCA) to 180 months' imprisonment. (Docs. #38, #39.) Pursuant to a binding, Rule 11(c)(1)(C) plea agreement, Garner agreed he was an armed career criminal and agreed to a sentence of 180 months' imprisonment. (*Id.*) He is scheduled for release from the Bureau of Prisons ("BOP") on March 2, 2032. *See* BOP INMATE LOCATOR, https://www.bop.gov/inmateloc/ (last visited February 3, 2025).

---

[1] This motion was referred to the undersigned United States magistrate judge on January 15, 2024, for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. 28 U.S.C. § 636(b)(1)(B); E.D. TEX. LOCAL R. CR-59(a); (Doc. #52).

1

Garner argues that he should receive compassionate release or a reduction in sentence in light of the Supreme Court's ruling in *Erlinger v. United States,* which requires a jury finding, as opposed to a judicial finding, as to a defendant's status as an armed career criminal. (Docs. #48, #49.) He asserts this is a due process violation. (*Id.*) The Government responded to Garner's motion stating that a motion for compassionate release is not the proper vehicle for challenging the legality or duration of his sentence and even if it was, the policy statement governing compassionate release motions does not entitle Garner to the relief requested. (doc. #51.) The Probation Department for the Eastern District of Texas concurs with the Government's position.

## II.  LEGAL STANDARD

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission, however, has the authority to "promulgate general policy statements … that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2 (N.D. Tex. 2021) (quoting *Shkambi*, 993 F.3d at 391). On November 1, 2023, the Sentencing Commission issued an amended policy statement, U.S.S.G. § 1B1.13, setting forth the circumstances that are considered "extraordinary and compelling reasons." These include the defendant's medical circumstances, age, family circumstances, whether the defendant is a victim

of abuse, "other reasons," and whether he is serving an unusually long sentence. *See* U.S.S.G. § 1B1.13(b).[2] As of November 1, 2023, policy statement 1B1.13 applies to motions filed by the Director of the BOP and motions filed by the defendant. U.S.S.G. § 1B1.13(a).

### III.   ANALYSIS

#### A.  *Exhaustion of Administrative Remedies*

Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). As stated above, a request for compassionate relief must first be presented to the BOP for consideration. After 30 days have passed or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on his behalf, a defendant may ask a court for a sentence reduction under section 3582(c)(1)(A). Garner attached a copy of an email he sent to the warden regarding his request for a reduction in sentence on September 13, 2024. (Doc. #48, at 5.) There is no indication of a response by the warden, and the Government does not assert that he failed to exhaust his administrative remedies. Assuming *arguendo* that his administrative burden was met, Garner's motion should be denied as set forth below.

#### B.  *Extraordinary and Compelling Reasons*

Garner argues that the court should grant compassionate release or a reduction in sentence based on *Erlinger v. United States*, 144 602 U.S. 821 (2024). In *Erlinger*, the court determined that the Fifth and Sixth Amendments require a jury to resolve the ACCA's "different occasions"

---

[2] Section six of this policy statement (for unusually long sentences) is not applicable in the Fifth Circuit as its precedent precludes considering non-retroactive changes in any law as an extraordinary and compelling reason justifying sentence reduction. *United States v. Austin*, No. 24-30039, 2025 WL 78706, at *3 (5th Cir. Jan. 13, 2024).

3

inquiry unanimously and beyond a reasonable doubt. *Erlinger*, 602 U.S. at 835. At the time of Garner's sentencing hearing, the court made the determination that the qualifying prior convictions occurred on differing occasions.

In a recent Fifth Circuit case, the court examined the decision in *Erlinger* and found that even where a district court violates the defendant's rights by making the factual finding itself, as opposed to the jury, the conviction may be affirmed due to harmless error if the appellate court finds that "any rational jury would have found beyond a reasonable doubt that [the defendant] committed the previous serious drug offenses on different occasions based on the entire record." *United States v. Butler*, 122 F.4th 584, 586 (2024).

The court, however, need not make this inquiry as a compassionate release motion is not the proper method to attack this type of error. As noted by the Government, a defendant must raise this type of error on appeal or in a habeas proceeding. *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) ("a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence").

Further, U.S.S.G. § 1B1.13(b)(6) policy statement governing compassionate release motions is the only provision that allows consideration of changes in the law as an extraordinary and compelling reason and only in narrow circumstances. Specifically, where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, the change in law can qualify as an extraordinary and compelling reason after the court has fully considered the defendant's "individualized circumstances." U.S.S.G. § 1B1.13(b)(6). Garner does not meet any of these circumstances. Moreover, even if he did, the Fifth Circuit recently ruled that this section

of the policy statement is not an "extraordinary and compelling reason" under the statute. *United States v. Austin*, No. 24-30039, 2025 WL 78706, at *3 (5th Cir. Jan. 13, 2024). The court reiterated that a "non-retroactive change in the law cannot constitute an extraordinary and compelling reason justifying sentence reduction under § 3582(c)(1)." Thus, in this circuit, non-retroactive changes in the law are irrelevant. *United States v. Gonzalez,* No. 4:19-CR-160-SDJ, 2025 WL 254112, at *6 (E.D. Tex. Jan. 21, 2025) ("Fifth Circuit precedent precludes considering non-retroactive changes in *any* law.").

Finally, notwithstanding all previous analysis, compassionate release should be denied because it is not justified by the Section 3553(a) factors. The nature of the Defendant's offense, his criminal history, his dangerousness, and all other applicable factors fail to persuade the court that the Defendant should receive a shortened sentence in this case. *See* 18 U.S.C. § 3553(a).

## IV.  RECOMMENDATION

The "burden falls on the defendant to convince the [court] to exercise discretion to grant the motion for compassionate release." *Ward v United States*, 11 F.4th 354, 359–60 (5th Cir. 2021). The undersigned finds that Garner has failed to meet his burden in demonstrating an extraordinary and compelling reason for compassionate release. Accordingly, the undersigned recommends denying the Defendant's motions.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2);

E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 4th day of February, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE